**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BANK OF AMERICA, N.A.**                                                                                    **PLAINTIFF**

v.                                   **CASE NO. 4:09-CV-00745 BSM**

**THELMA JOSHUA, individually; THELMA**
 **JOSHUA, as trustee of THE THELMA**
**JOSHUA REVOCABLE TRUST; and**
**THELMA JOSHUA as TRUSTEE of THE**
**ERNEST P. JOSHUA REVOCABLE TRUST**                                              **DEFENDANTS**

## ORDER

Bank of America moves for summary judgment [Doc. No. 35] and defendants, Thelma Joshua, individually; Thelma Johnson, as trustee of the Thelma Joshua Revocable Trust; and Thelma Joshua, as Trustee of the Ernest P. Joshua Revocable Trust, object [Doc. No. 60]. For the reasons set forth below, Bank of America's motion for summary judgment is granted.

### I. FACTUAL BACKGROUND

The undisputed facts show that Bank of America extended to JM Products (hereinafter "JM") over $9,025,000 in loans and other financial accommodations. To induce Bank of America to make and later modify these loans, Thelma Joshua guaranteed JM's indebtedness personally and as trustee of both, the Thelma Joshua Revocable Trust, and the Ernest P. Joshua Revocable Trust. JM was required to pay the outstanding principal and interest by June 30, 2007; however, JM defaulted.

In 2009, JM filed for bankruptcy and the bankruptcy court allowed Bank of America's

claim against JM in the amount of $10,030,719.17. This amount included the outstanding principal and interest on the loan, but not any additional amounts owed for costs, fees, and expenses. As a result of JM's liquidation in bankruptcy, Bank of America received $5,453,244.22.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, after viewing the evidence in the light most favorable to defendants, no genuine issues of material fact exist and Bank of America is entitled to judgment as a matter of law. *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8th Cir. 2008). Defendants cannot survive the motion for summary judgment by merely pointing to disputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1985). The facts in dispute must be material to the outcome of the case. *Id.* Indeed, if the facts alleged by the defendants, when viewed in the light most favorable to their case, would not allow a reasonable jury to find in their favor, then Bank of America's motion for summary judgment should be granted. *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006).

## III. DISCUSSION

In Arkansas, to establish a breach of guaranty agreement, Bank of America must prove: (1) valid contracts existed between it and each of the defendants; (2) the obligations of the defendants under those contracts; (3) a breach of the contracts; and (4) damages. *Rabalaias v. Barnett*, 284 Ark. 527, 528–29 (Ark. 1985). Looking at the undisputed facts,

it is clear that Bank of America has proven each of these elements.

Defendants admit that each of them executed and delivered contracts to Bank of America guaranteeing any and all of JM's indebtedness. Defs.' Resp to Pl.'s Fact Stmt. ¶¶ 11, 16–24. They acknowledge that these guarantees were provided in consideration for loans and loan modifications. *Id.* ¶¶ 12, 17, 22. They also concede that when JM failed to pay the outstanding principal, interest, and other amounts due, Bank of America demanded that they satisfy their respective obligations and liabilities under the guaranties. *Id.* ¶¶ 26, 32. Finally, defendants admit that none of the them have made any payments to Bank of America on their guarantees. *Id.* ¶ 33.

In an effort to create triable issues of fact, defendants respond with allegations that Bank of America coerced JM into signing an agreement with Aurora Management Partners, charged them exorbitant fees, and then forced them into bankruptcy. Def.'s Summ. J. Br. 1–4. These allegations, however, are not facts. They are speculations and conclusions in need of supporting evidence. The affidavit of Michael Joshua, submitted to support these allegations, contains almost exclusively his own speculation, opinion, and unsupported legal conclusions. *See*, M. Joshua Aff. Ex. 1. Nowhere does he provide specific facts to support or prove his claims. Defendants' assertions, unsupported by specific facts or evidence, are insufficient to withstand a motion for summary judgment. *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).

Bank of America is also seeking compensation for costs incurred to enforce its rights

under the loan agreement and the guaranties, including attorney's fees incurred during both the present action and the bankruptcy.

The guaranty entered by Thelma Joshua, personally, broadly defined the guaranteed debt. Hammond Aff. Ex. D. In this agreement, Thelma Joshua personally guaranteed "any and all of Borrower's liabilities, obligations, and debts to Lender, now existing or hereinafter incurred or created . . . ." *Id*. This guaranty included any of Bank of America's legal expenses and costs that JM would be obligated to pay. It also included the reasonable attorney's fees incurred in connection with the enforcement of the guaranty. *Id.* Ex. D.

Since Thelma Joshua agreed to pay any legal expenses or costs that JM would be obligated to pay, it is necessary to determine exactly what JM was obligated to pay Bank of America. According to the loan agreement, JM agreed to reimburse Bank of America for costs and attorneys' fees incurred to enforce its rights including those incurred in a bankruptcy proceeding. *Id.* Ex. A. Additionally, JM agreed, by the promissory note and amended promissory note entered into on September 26, 2006, to pay any costs to collect on the loan, including those costs incurred in a bankruptcy proceeding. *Id.* Ex. B, Ex. C.

It is clear from the language of the agreements that Thelma Joshua's guaranty covers the obligations and liabilities owed by JM to Bank of America as a result of the bankruptcy proceedings. It also covers Bank of America's legal expenses incurred to enforce the guaranty. Bank of America is entitled to these costs and expenses.

The guaranties entered by Thelma Joshua as trustee of the Ernest P. Joshua Revocable

4

Trust and the Thelma Joshua Revocable Trust have identical provisions for expenses and fees. Hammond Aff. Ex. E, Ex. F. Those provisions state:

> The Guarantor hereby agrees to be responsible for and to pay all costs and expenses, including, without limitation, attorneys' fees and foreclosure fees, incurred by Lender in connection with the collection of all sums guaranteed hereunder and the defense or enforcement of any of Lender's rights hereunder, whether or not suit is filed, and whether such collection be from the Borrower or from the Guarantor.

*Id.* Ex. E at § 3.09, Ex. F at § 3.09. The plain language of these guarantees obligates the Ernest P. Joshua Revocable Trust and the Thelma Joshua Revocable Trust to pay any costs and attorney's fees incurred by Bank of America in connection with its collection of debts or defense of its rights. Joshua has come forward with no evidence or arguments to contradict the plain meaning of the text of the agreement. Thus Bank of America is entitled to the reasonable attorneys fees and costs incurred to protect its rights in bankruptcy and to enforce the guarantees.

## IV. CONCLUSION

For the reasons set for above, Bank of America's motion for summary judgment [Doc. No. 35] is GRANTED and Bank of America is given thirty days to file a brief establishing the damages it seeks. Defendants will have fifteen days to respond to Bank of America's brief establishing its damages.

IT IS SO ORDERED this 7th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE